THEODORE MOSS, Appellant, *v.* EUGENE TOMPKINS, Respondent.

*Breach of a theatrical " sharing terms" agreement — damages.*

On the trial of an action brought by the lessee of a theater in New York city against a theatrical manager to recover damages for the breach of a contract known as a "sharing terms agreement," whereby the plaintiff was to furnish his theater and equipment for a given period, and the defendant was to furnish a certain new play and a dramatic company, the parties to share the gross

receipts, the breach was conceded, it appearing that the defendant had, some months before the first performance was to be given, notified the plaintiff that he would not produce the play at his theater, and that he had persisted in such refusal.

The plaintiff thereupon offered to show, by the previous receipts of his theater and by proof of the success of the play elsewhere than in New York, that the receipts during the term of the contract would have been greater than the amount actually received by him from other sources during the same period, which offer was objected to and the objection sustained.

*Held*, that the ruling was correct.

That as it was entirely uncertain whether the receipts from the defendant's play would have exceeded the amount which the plaintiff actually received during the contract term, it was by no means certain that any damages, such as the plaintiff claimed, resulted from the breach, and, hence, the doctrine was not applicable, that where particular damages are the certain result of the breach, their uncertainty in amount will not prevent a recovery.

APPEAL by the plaintiff, Theodore Moss, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 2d day of March, 1893, upon a verdict rendered at the New York Circuit allowing the plaintiff six cents damages and awarding costs to the defendant, and from an order denying the plaintiff's motion for a new trial made upon the minutes, entered in said clerk's office on the 1st day of March, 1893.

*Stephen H. Olin*, for the appellant.

*A. J. Dittenhoefer* and *David Gerber*, for the respondent.

BARRETT, J.:

The action was for breach of contract. The plaintiff is the lessee of the Star Theater in this city. The defendant is a Boston theatrical manager. The parties entered into what is known as a "sharing terms agreement," whereby the plaintiff was to furnish his theater, orchestra, attendants and equipment for a given period, and the defendant was to furnish a new play called "The Soudan," together with a dramatic company. The gross receipts were to be divided between the parties, each week, in certain specified proportions. Some months before the date when the first performance was to be given, the defendant notified the plaintiff that he would not produce the play at the Star Theater, and he has since persisted in that refusal. Upon the trial, the breach being conceded, the

plaintiff offered to show by the previous receipts of his theater, and by proof of the success of the play elsewhere than in New York, that the receipts during the term of the contract would have been greater than the amount actually received by him from other sources during the same period. The latter amount was specified in the bill of particulars as $13,600. This offer was objected to and the objection was sustained. The plaintiff excepted to the ruling, and the exception presents the sole question upon this appeal.

We think the ruling was correct. The plaintiff could, of course, have proved the amount which he actually received for his theater during the term of the contract, but it would have been impossible for him to prove what the receipts from the defendant's play would have been during the same period. His offer specified two elements — namely, the previous receipts of the Star Theater from other attractions, and, *second,* the success of the defendant's attraction elsewhere than in New York. The first element could have had no possible bearing upon the question of damages. The theater did not draw people because of its attractiveness as a building. Each entertainment there stood upon its own merits. The second element was equally uncertain. Profits, that is, the certainty of receipts beyond what the plaintiff actually took in during the contract term, could not be predicated of the success of the play in other cities before it had acquired a general or established reputation. The play was new and it was entirely untried in this city. No one could possibly know, therefore, how it would succeed here. The defendant's dramatic company was not shown to include artists of such exceptional and well-known talent as to guarantee, apart from the play, audiences of reasonably certain numbers. Nor was any special attraction of the latter kind contemplated by the contract. The proposed elements were, therefore, speculative and insusceptible of anything like certain proof. The language of BRADLEY, J., in *Bernstein* v. *Meech* (130 N. Y. 359), is directly in point, and, we think, controlling. The latter case does not conflict with *Wakeman* v. *The Wheeler & Wilson Manufacturing Co.* (101 N. Y. 205). The doctrine there held was, that where particular damages are the certain result of the breach, their uncertainty in amount will not prevent a recovery. But here it is by no means certain that any damages (such as the plaintiff claims) resulted from

the breach. It is, in fact, entirely uncertain whether the receipts from the defendant's play would have exceeded the amount which the plaintiff actually received during the contract term. The reasonable certainty that there would have been *some receipts* from the play, therefore, involved no certainty that damages on that line were caused by the breach.

The plaintiff did not offer to show, as did the plaintiff in *Bernstein* v. *Meech*, any expenses which he had incurred in preparing for the contemplated performances. This was doubtless because there were here no such expenses, as the plaintiff was notified months in advance of the first performance, that the defendant would not produce the play in the Star Theater.

The generality of the plaintiff's offer at the close of the trial was clearly in the line of the two elements which he had previously specified. The "whole line of testimony" which the court excluded was the whole line in these two directions. If the plaintiff intended to offer anything else, he should have specified it.

We think that the offer as made was properly ruled upon, and that the judgment should be affirmed, with costs.

Van Brunt, P. J., and Follett, J., concurred.

Judgment affirmed, with costs.

---

Charles Meyers, as Administrator, etc., of Charles Meyers, Deceased, Respondent, v. The Mayor, Aldermen and Commonalty of the City and County of New York, Appellant.

*"Inspector of regulating and grading streets" in New York city — not a public officer — discharge of, from employment — application of chapter* 119 *of the Laws* of 1888, *in reference to veteran soldiers and sailors.*

There is no such public office as that of "inspector of regulating and grading streets" in the city of New York, and a person who holds such a position, at daily wages, is merely an employee of the city, and is liable to removal as such.

When the services of such an employee are dispensed with by the officer who employed him, and who has the power to continue or to cease to employ him, his right to pay ceases, and it is immaterial that the notification that his services are dispensed with states that he is "suspended."