EDWARD H. NOBLE *vs.* PETER B. HAND & others.

Suffolk.    January 23, 1895. — March 2, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Breach of Contract — Damages.*

A. and B. executed a written agreement, by the terms of which A. was to sell samples of B.'s goods, and solicit orders for samples and for goods to be ordered from the samples, and was to receive a certain commission on the amount of all goods ordered from the samples, if the orders were not rejected by B., and the orders if not rejected in writing within ten days from their date were to be considered as accepted; and the agreement was to continue until such time as B. should discontinue the manufacture of the goods. B. ceased such manufacture and notified A., who, during the preceding two months, had sent B. orders for samples, which he neither filled nor rejected. *Held,* in an action by A. against B. for breach of the agreement, that he could recover nominal damages only.

CONTRACT, in three counts, against the administrators of the estate of William P. O'Brien, to recover commissions on sales of goods, and for breach of a written agreement. Trial in the Superior Court, without a jury, before *Dunbar,* J., who found for the plaintiff; and he alleged exceptions to the ruling on the question of damages. The facts appear in the opinion.

*S. H. Tyng,* for the plaintiff.

*J. V. Beal,* for the defendants.

FIELD, C, J. The plaintiff made written agreements with the defendants, who, as administrators of the estate of William P. O'Brien, continued after his death to carry on his business, which was that of a manufacturer of shoes. By the terms of these agreements the plaintiff was to sell samples of the defendants' goods, and was to solicit orders for samples and for goods to be ordered from said samples, and was to receive a commission of two and one half per cent on the amount of all goods ordered from said samples, if the orders were not rejected by the defendants. It was agreed by the parties at the trial that the court might find for the plaintiff upon the first and second counts in the sum of $325.79, as the balance due the plaintiff for his commissions on orders for samples and goods which had been received by the defendants and filled by them. The only dispute between the parties arises under the third count, which relates solely to the agreement dated February 1, 1893. Under this agreement the defendants could reject any order, but if not rejected in writing within ten days from the date of the order it was to be considered as accepted. This agreement was to continue from its date to May 1, 1893, or "to such time after May 1, A. D. 1893, as the estate of W. P. O'Brien shall discontinue the manufacture of goods." On October 18, 1893, the defendants ceased to continue the business, and on that day so notified the plaintiff. Between August 18, 1893, and October 18, 1893, the plaintiff sent to the defendants orders for samples which they neither filled nor rejected. The plaintiff contends that, if they had sent the samples so ordered, he might in consequence thereof have received from various persons orders for goods. The third count is for breach of the agreement, and under it the plaintiff seeks to recover commissions on such orders for goods as he probably might have received if the samples had been sent. On this count the court found a breach of contract by the defendants, and assessed damages for the plaintiff in the sum of one dollar. The plaintiff's evidence showed no contract with anybody to give orders for goods if these samples had been sent, and no negotiations with any person for such orders based upon the sending of such samples, but only tended to show a probability that he might have received orders for goods from somebody if the samples had been sent.

We think that there are two answers to the contention of the plaintiff that he is entitled to recover more than nominal damages. First, the defendants could have rejected in writing all orders for goods received after sending the samples, and it cannot be known that they would not have rejected all such orders if they had sent the samples ordered between August 18 and October 18, 1893; and secondly, whether such orders for goods would have been obtained, and, if so, to what amount, is too much a matter of conjecture to afford a basis for more than nominal damages. *Fox* v. *Harding*, 7 Cush. 516, 522. *Somers* v. *Wright*, 115 Mass. 292. *Brigham* v. *Carlisle*, 78 Ala. 243.

*Exceptions overruled.*