### WILLIAM H. TODD vs. THOMAS KEENE.

Hampshire.	September 15, 1896. — November 23, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Breach of Contract — Damages — Evidence.*

At the trial of an action for breach of an agreement to perform for a single night a tragedy of Shakespeare in a certain theatre in the city of N., evidence of the plaintiff, based upon his experience in the management of the theatre and knowledge of the cash receipts of similar plays at the theatre under the same auspices, as to what the attendance would have been and what his share of the receipts under the contract in suit would have amounted to, if the defendant had fulfilled his agreement; and also other evidence to the effect that the defendant was an actor of high repute and popularity, especially in rendering the tragedies of Shakespeare; that during the previous year the defendant had played in the theatre to a large house, and that N. was the seat of an institution of learning, attended by many hundred students who largely patronized representations of Shakespearian plays as a means of education, and by their attendance insured a crowded house, are inadmissible to show substantial damages.

CONTRACT, to recover damages for breach by the defendant of a written agreement to play with his supporting company in the Academy of Music at Northampton on April 1, 1895.

Trial in the Superior Court, before *Dewey*, J., who excluded certain evidence offered by the plaintiff as immaterial, and, as the defendant had no evidence to offer, directed the jury to return a verdict for the plaintiff in nominal damages; and the plaintiff alleged exceptions. The evidence excluded appears in the opinion.

The case was submitted on briefs to all the judges.

*R. O. Dwight*, for the plaintiff.

*A. L. Green*, for the defendant.

FIELD, C. J. The contract set out in the papers before us appears to be under seal, and to have been entered into between Edwin Arden of the first part and William H. Todd of the second part. The party of the first part " hereby engages to play Mr. Thomas Keene and his supporting company at Northampton, Mass., for a period of one night," etc. The point seems not to have been taken that, as this is a contract under seal, only the parties who signed and sealed it can sue or be sued upon it.

The exceptions relate only to the rule of damages. The contract contemplated a theatrical performance for a single night, in which the plaintiff should bear the principal expenses of furnishing the place of entertainment, which was the Northampton Academy of Music, and of furnishing the music, the necessary stage hands, the advertising in the daily and weekly newspapers, the bill posting, and the " perishable and imperishable properties and scenic and mechanical effects called for in scene, and other plots furnished." The defendant was to furnish certain stage scenery, the costumes, and the actors and actresses. The party of the first part was to have seventy-five per cent of the gross receipts, and the party of the second part twenty-five per cent. There are other stipulations concerning the price of tickets, the free list, etc. The defendant failed to play as had been agreed upon. The plaintiff " had been at no expense, and had not engaged or sold any tickets, or seats to the play, so as aforesaid contracted for." The name of the play is not given in the contract, but from the exceptions it seems to have been understood that it should be one of Shakespeare's tragedies. The exceptions recite : " The plaintiff then offered to prove by his own testimony, based upon his experience in the management of the said Academy of Music, and knowledge of the cash receipts of similar plays at the Academy under the same auspices, what the attendance would have been, and what his share of the receipts under the contract in suit would have amounted to, if defendant had fulfilled his agreement."

The court excluded the testimony, and ordered a verdict for the plaintiff for nominal damages. The plaintiff's only other evidence on the subject of damages was to the effect that the defendant is an actor " of high repute and popularity, especially in rendering the tragedies of Shakespeare; that during the previous year the defendant had played in the said Academy of Music to a large house"; and " that Northampton is the seat of Smith College, an institution attended by many hundred women students, who largely patronize representations of Shakespearian plays as a means of education, and by their attendance insure a crowded house."

The facts put in evidence seem to us to afford no satisfactory basis of comparison on which to reckon the profits, if any, which

might have been received by the plaintiff if the defendant had kept the contract. There are too many elements of uncertainty and conjecture to make it safe to rely upon opinions such as the plaintiff offered to give. The performance was to be for a single night. If a comparison was to be made, it naturally would be with the defendant's performance of the year before; but it does not appear that the supporting company was the same, and nothing appears except that the year before the defendant played " to a large house."

We are of opinion that the ruling was right. *Noble* v. *Hand,* 163 Mass. 289. *Brown* v. *Smith,* 12 Cush. 366. *Bernstein* v. *Meech,* 130 N. Y. 354. *Moss* v. *Tompkins,* 69 Hun, 288; *S. C.* 144 N. Y. 659.                                      *Exceptions overruled.*