WILLIAM C. JOHNSTON *vs.* EDWIN FAXON & another.

Suffolk.   November 10, 1898. — January 9, 1899.

Present: FIELD, C. J., HOLMES, MORTON, & LATHROP, JJ.

*Breach of Contract — Damages — Statute of Frauds.*

In an action for breach of a contract to build and deliver within a specified time a stated number of bicycles of a certain kind for a price named, the retail price being fixed by a subsequent agreement between the parties, if the plaintiff was obliged to cancel orders which he had received for machines at that price covering more than the number agreed to be made by the defendant, the measure of damages is the difference between the contract price and the value of the machines if furnished, as evidenced by the orders and the agreement as to the retail price.

The admissibility of a contract for the sale of chattels to prove value is not affected by the question whether it was good or bad under the statute of frauds.

CONTRACT, for breach of a written contract to furnish the plaintiff with a quantity of bicycles.   Trial in the Superior Court, before *Hardy,* J., who directed the jury to return a verdict for the plaintiff in the sum of one dollar; and he alleged exceptions. The facts appear in the opinion.

*W. M. Lindsay,* ( *C. E. Todd* with him,) for the plaintiff.

*C. B. Southard,* ( *T. Parker* with him,) for the defendants.

HOLMES, J.   This is an action for breach of a contract to build for the plaintiff, a retail dealer, three hundred bicycles of a certain kind " to be delivered . . . as said Johnston may direct, from January 1, 1895, to July 1, 1895."   The defendants broke the contract, and the plaintiff was obliged to cancel most of the orders which he had received, amounting in all to more than three hundred.   The plaintiff was to pay the defendants fifty dollars a bicycle.   The retail price, as fixed by subsequent agreement between the plaintiff and defendants, was one hundred and fifty dollars.   This, or near it, was the price on the orders.   The auditor, and the judge of the Superior Court after him, ruled that the plaintiff could recover only nominal damages, although, if the loss of the orders would not be too remote, his damage was found to be upwards of fourteen thousand dollars.   The plaintiff excepted.

This court has gone a good way in refusing to allow profits to be recovered for, on the ground that they were too remote.   *Todd* v. *Keene,* 167 Mass. 157.   *Noble* v. *Hand,* 163 Mass. 289.   But

of course the anticipation of profit, although sometimes disguised under the name of value, constantly is taken into account.    If we say that the rule of damages in a case like this is the difference between the contract price and the value of the machines if furnished, the question arises whether, supposing the plaintiff to have been unable to get the machines elsewhere in time for the season, which was over before July 1, the value should not be determined by the orders and the agreement with the defendants, which would be allowing for the anticipation of profit under another name.    *Griffin* v. *Colver*, 16 N. Y. 489, 491.    The contract expressly contemplated that the plaintiff was buying in order to sell again.    The defendants knew that that was the object of the agreement.    Especially in view of the part they took in fixing the retail price, they must be taken to have expected that the wheels would be sold at an advance.    The article was not one to be purchased generally in the market, and therefore they knew that the plaintiff's chance to make the difference between their price and his would depend upon their doing what they undertook.

It is true that the agreement as to the retail price was made in January, 1895, and that the orders came in from December, 1894, to June, 1895, while the contract was made in November, 1894.    But we presume that the defendants would not care to argue that there was any unexpected rise in retail market values between November and January.    Moreover, if the liability were made out in other respects, it might be held that the defendants by their contract adopted whatever might turn out to be the retail price at the time and place of delivery.    *Shaw* v. *Nudd*, 8 Pick. 9.    *Quarles* v. *George*, 23 Pick. 400.    *Harvey* v. *Connecticut & Passumpsic Rivers Railroad*, 124 Mass. 421, 425. Sedg. Damages, (8th ed.) §§ 737, 738.

The only difficulty in the way of the proposed measure of damages which impresses us is, that, when the defendants made their contract, it was not certain in a commercial sense that the plaintiff could sell what he ordered.    His bicycle seems to have been more or less of an experiment.    But as remoteness, that is to say, whether under given circumstances upon an ascertained contract, certain damages are within the scope of the risk undertaken, is always a question of law ; (*Hobbs* v. *London & South-*

*western Railway*, L. R. 10 Q. B. 111, 122, and *Hammond* v. *Bussey*, 20 Q. B. D. 79, 89;) and as the auditor found the amount of the plaintiff's damages, if they were not too remote, we are compelled to say that, as between the plaintiff's claim and nominal damages, the former comes nearer to doing justice than the latter, in view of the considerations which we have mentioned.    The defendants by their contract took the risk of damages to that extent, if it should turn out that the plaintiff could sell as it was contemplated and expected that he would.    Sedg. Damages, (8th ed.) §§ 197, 198.    *Hammond* v. *Bussey*, 20 Q. B. D. 79, 86, 94, 100.

It will be understood that the contracts made by the plaintiff are not recovered for as such.   But the orders, covering as they did more than the number of bicycles to be built by the defendants, coupled with the above mentioned agreement as to the retail price, are evidence of the value of the wheels.  *France* v. *Gaudet*, L. R. 6 Q. B. 199, 204.   If, as we understand, the orders were contracts, conditional only upon being performed in time, it does not matter whether they were good or bad under the statute of frauds.    They are equally instructive as to value either way, if they were mercantile agreements intended to be carried out.

*Exceptions sustained.*