HENRY A. BANGS *vs.* FRED J. FARR.

SAME *vs.* SAME.

Suffolk.　　January 9, 1911. — June 21, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil*, Findings of judge, Exceptions, Rulings. *Damages*, Speculative. *Evidence*, Presumptions and burden of proof.

Although the findings of fact made by a trial judge have the same effect as the verdict of a jury and only can be set aside when they are without any foundation in the evidence, yet where, so far as appears upon the printed record before this court, a finding of a judge rests merely upon conjecture, an exception to a refusal to rule that it was not warranted by the evidence will be sustained.

In an action for the alleged breach of a contract in writing, by which the plaintiff, who was the exclusive agent of the manufacturer for the sale in New England of a certain kind of automobile and was authorized to establish sub-agencies, agreed with the defendant to sell him these automobiles at a discount of ten per cent, and the defendant agreed to devote his entire time between January 1 and September 30, 1906, to selling these automobiles and to have no business with the manufacturer except through the plaintiff, where damages were claimed on the ground that they were caused by the failure of the defendant to devote all his time to the sale of the automobiles during the whole of the specified period, and there was no evidence as to prospective customers but there was evidence showing an inability or indisposition on the part of the manufacturer to fill orders promptly, the question whether, in view of the newness of the venture and of its dependence upon the temperament, energy and perseverance of the defendant and the performance by the plaintiff of his contract with the manufacturer, the assessment of any damages would not be too speculative to be allowed, here was referred to as one which it was not necessary to determine.

An exception to the refusal by a judge, before whom a case was tried without a jury, to make rulings which were inapplicable to the evidence or which were contrary to his findings of fact upon conflicting or unreported evidence, cannot be sustained.

In an action for the alleged breach of a contract in writing, by which the plaintiff, who was the exclusive agent of the manufacturer for the sale in New England of a certain kind of automobile and was authorized to establish sub-agencies, agreed with the defendant to sell him these automobiles at a discount of ten per cent, and the defendant agreed to devote his entire time during a specified

period to selling these automobiles and to have no business with the manufacturer except through the plaintiff, the defense, that the written contract between the parties was waived and that the relation of principal and agent was substituted for it, is an affirmative one, and if the defendant sets it up the burden is on him to prove it.

At the trial of an action at law before a judge, sitting without a jury, a party has a right by the seasonable presentation of appropriate requests for rulings to learn the principles of law which the judge is to apply in reaching his conclusions, and, where such requests are sound in law, pertinent to the issues and applicable to the evidence, it is the duty of the judge to grant them and to follow the rulings thus made in arriving at his decision; but to obtain such a ruling the party who wants it made must request it himself, and he cannot complain or except because, after the opposing party had presented to the judge requests for rulings, he withdrew them with the assent of 'the judge and they were not passed upon.

RUGG, J. These are two actions, by which the plaintiff seeks to recover damages for breaches of a written contract. The plaintiff was the exclusive agent of the manufacturer for the sale of certain automobiles in New England, and was authorized to establish sub-agencies. He made a contract with the defendant, which was in terms an agreement by the plaintiff to sell to the defendant automobiles at a discount of ten per cent from the list prices, and by which among other matters the defendant agreed to devote his entire time between January 1 and September 30, 1906, to selling these automobiles and to have no business transactions with the manufacturer except through the plaintiff, " nor to transact any business . . . in any way, shape or manner " for the plaintiff. The cases were tried without a jury by a judge of the Superior Court,* who made findings of fact, which so far as material were that the written contract between the plaintiff and defendant continued in force without variation or waiver, and that the relation of principal and agent did not exist between them. The defendant sold twenty-three cars, the course of business being for him to procure to be signed by the customer an order directed to the plaintiff and a deposit of twenty per cent of the cost price, which was equally divided between the plaintiff and the defendant. Although the plaintiff remonstrated with the defendant about promising early deliveries and about orders being made out in this form, he accepted all the orders presented. By reason of failure to deliver automo-

---

* *Fessenden,* J. The cases came before this court on exceptions of the defendant.

biles to customers at times stipulated, due chiefly to the impossibility of getting them from the manufacturer, several customers demanded and in most instances collected from the plaintiff the entire deposit.

The first action is to recover damages arising from the failure of the defendant to devote all his time to the sales business and from his endeavoring to procure an agency contract directly from the manufacturer, contrary to the contract. The judge found that the defendant had broken the contract in both these respects, and that if he had devoted his entire time " he could have sold more cars " and for this particular breach he assessed substantial damages. It has not been argued that the finding of a breach of the contract in trying to procure an agency directly from the manufacturer was not warranted, but no damages were assessed for this breach. All the evidence as to the other breach and the damages has been reported, and it is urged that these are not supported by the evidence. The findings of fact made by a trial judge stand upon the same ground as the verdict of a jury. They cannot be revised or reviewed, and can only be set aside when they are without any foundation in the evidence. *Wylie* v. *Cotter*, 170 Mass. 356. *Schendel* v. *Stevenson*, 153 Mass. 351, 354.

A careful study of this record brings us to the conclusion that there is no evidence to warrant a finding that the defendant did not devote his time according to the terms of the contract. It is urged that this may be inferred from the circumstance that before May 16 he had secured orders for twenty-three automobiles, and did not get one thereafter. But this might have arisen from many different causes. Indeed, frankness of statement as to the delays already experienced in deliveries from the manufacturer would have been very likely to prevent orders. Testimony that in April the defendant said " What cars I cannot get by the first of May I don't want at all " is also relied upon. But that was made long before it is contended that he ceased work and in connection with time of deliveries of cars. It fails to show that he did not in fact work months later. Late in August three automobiles reached Boston from the manufacturer, which were proffered by the plaintiff's agent to the defendant upon condition that he would pay for them. Some

persons who had ordered automobiles were present, and the defendant asked if certified checks of the customers would be accepted, and was told that they would be. It does not appear whether or not the defendant took the cars nor whether his refusal, if he did refuse, was not based on the inability of the customers to pay cash or to their dissatisfaction. These are the only bits of testimony to which the plaintiff has pointed as supporting this finding. Collectively they fail to support it. The defendant was called as a witness, but it does not appear that his examination elicited anything to show a failure to perform his contract in this regard. He visited the factory of the manufacturers in Ohio after the plaintiff had left the Commonwealth for the season, but this seems to have been a necessary incident in his work. The testimony of the agents of the plaintiff constantly associated with the defendant does not disclose any lack of energy on his part. The finding of this breach of the contract so far as anything appears upon the printed record rests upon conjecture and hence cannot stand.

It becomes unnecessary to determine whether the assessment of any damages in this action was too speculative in view of the newness of the venture, its dependence upon the temperament, energy and perseverance of the defendant, the absence of any evidence as to prospective customers, the performance by the plaintiff of his contract with the manufacturer and the latter's inability or indisposition to fill orders promptly. See *Noble* v. *Hand*, 163 Mass. 289 ; *Todd* v. *Keene*, 167 Mass. 157.

In the second action it was ruled correctly by the Superior Court that, as the orders of the customers for automobiles secured by the defendant were directed to and accepted by the plaintiff and were signed only by the customer, the latter could enforce from the plaintiff return of the deposit money on failure to deliver as required by the orders. In substance this was a ruling that there was a contract directly between the several customers and the plaintiff. It is strongly argued by the defendant that it was wholly inconsistent with this ruling for the judge to find that the written contract between the plaintiff and the defendant was in its practical effect an agreement to purchase the same automobiles, and was in full force and effect. It is further argued that a finding that the contract continued to

subsist in the face of acceptances by the plaintiff of orders addressed to himself signed by the customer and not by the defendant was likewise inconsistent. There is cogency in this criticism, yet it does not quite go to the extent of requiring us to set aside the finding. It was an implied condition of the contract between the plaintiff and the defendant that they should be able to procure from the manufacturers automobiles which were to come under its operation. The discount from the list price to be allowed to the defendant on sales could not become his absolutely unless and until there was a sale. If there was an advance payment made to him out of a deposit it must or might have been found to have been conditioned upon the ultimate consummation of the sale. If the sale failed through no fault of the customer so that the initial deposit had to be returned, then the defendant had no right as against the plaintiff to keep his share of this deposit. It cannot be said that there is incompatibility in law between a finding that the contract of the plaintiff with the defendant was not changed and the further finding that it applied to circumstances not within its strict letter, but within its general purview. The substance of the relation between the plaintiff and the defendant had to do with the sale of automobiles by the latter. The only way the defendant was to receive any money out of the relation was by getting ten per cent of the list price on actual sales. Although their conduct toward customers was such that the latter had a right to treat the plaintiff as the one solely responsible to them, the written agreement between the plaintiff and the defendant might still subsist to the effect that the defendant was to receive something, which they called a discount on sales. If this was so, then it would be unjust to permit the defendant to keep his share of a deposit made in contemplation of a sale when the sale was not completed, and the plaintiff was compelled by reason of conditions, which they both knew about and may have been found to contemplate, to return the whole deposit. By virtue of the relation established between the parties under their contract, it became the duty of the defendant to return to the plaintiff the part of the deposit he had retained. This is the way we interpret the findings and rulings of the Superior Court. This being so, all the requests for rulings presented by the de-

fendant were either inapplicable or contrary to findings of fact made upon conflicting or unreported evidence, and hence not to be disturbed.

The defendant has argued that the evidence required a finding that the written contract between the plaintiff and the defendant was waived, and that of principal and agent substituted. This was an affirmative defense, the burden of proving which rested on the defendant. *Sayles* v. *Quinn,* 196 Mass. 492, 495. It can be ruled as matter of law upon evidence partly oral that an affirmative issue is made out only in rare instances, of which this is not one.

The defendant has urged also that because the plaintiff has not paid in cash the full amount of the deposit in one instance he cannot recover. There is nothing in this. His liability has been fixed, and he has arranged by deposit of collateral or pledge for its extinguishment.

The plaintiff presented certain requests for rulings which were not passed upon, and were ultimately withdrawn. The defendant has no right to complain of this. It is true that in the trial of an action at law before a judge without a jury, a party has a right, by the seasonable presentation of appropriate requests for rulings, to know the principles of law which guide the judge in reaching his conclusions. If requests for rulings are presented. which are sound in law, pertinent to the issues, and applicable to the evidence, it is the duty of the judge to grant them and to follow them in reaching his decision. Failure to do so is ground for a good exception. *Jaquith* v. *Davenport,* 191 Mass. 415, 418. See *Clarke* v. *Second National Bank,* 177 Mass. 257. But the defendant does not bring himself within this rule. He did not present the requests which he seeks to argue, but relies upon some presented and subsequently withdrawn by the adverse party without judicial action. So long as the judge and the party presenting them were content with this course, no one else can complain. No error is shown in this regard.

*Exceptions in the first case sustained; exceptions in the second case overruled.*

*W. O. Underwood,* (*S. R. Wrightington* with him,) for the defendant.

*H. W. Ogden,* (*W. H. Rand, Jr.,* with him,) for the plaintiff.