DORIS WOOLDRIDGE, Respondent, *v.* PATRICK F. SHEA, Appellant.

First Department, March 7, 1919.

Contract — agreement employing actress — action for breach of contract — failure of plaintiff to prove amount of damages — new trial.

Action to recover for breach of a contract employing the plaintiff as the leading actress in the defendant's stock company for a certain period, she to receive a percentage of the receipts, provided the average gross receipts for each period of four weeks should exceed $1,300. The defend-

ant abandoned the project of presenting plays by a stock company and used the theatre for other plays in which the plaintiff did not appear, she refusing to accept any other contract. The defendant contends that the contract of employment was canceled by mutual consent. Evidence examined, and *held*, sufficient to sustain a verdict for the plaintiff on the issue aforesaid.

However, the plaintiff was required to show her damages which would be measured by the amount she would have received had the contract been performed, subject to deductions for any amount which the defendant might show she could have received in like employment during the period covered by the contract after the breach by the defendant.

Evidence examined, and *held*, to afford no definite nor reasonably definite basis with respect to the plaintiff's damages which are susceptible of more definite proof.

A verdict for the plaintiff cannot be supported by evidence with respect to the gross receipts made by a stock company in which she was employed two years before which was under a different management, for such evidence does not tend to show with any degree of certainty that the present enterprise would have been profitable so that the plaintiff would be entitled to share in the profits under her contract.

When it is certain that damages have been sustained and the only uncertainty is with respect to the amount thereof, it may be determined approximately upon reasonable conjectures and probable estimates; but when they are so uncertain and contingent as to be incapable of adequate proof they cannot be recovered because they cannot be proved.

As the plaintiff in any event may be able to prove that she is entitled to recover part of an allowance agreed to be made for her expenses she is entitled to a new trial.

APPEAL by the defendant, Patrick F. Shea, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 31st day of July, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 2d day of August, 1918, denying defendant's motion for a new trial made upon the minutes.

*Arthur F. Driscoll* of counsel [*O'Brien, Malevinsky & Driscoll,* attorneys], for the appellant.

*Saul E. Rogers* of counsel [*Rogers & Rogers,* attorneys], for the respondent.

LAUGHLIN, J.:

The action was brought to recover damages for a breach of a contract in writing, executed by the parties on the 1st

day of February, 1916, by which the defendant engaged the services of the plaintiff as leading lady in his stock company at the Holyoke Theatre, Holyoke, Mass., for the period of four weeks commencing on or about May 1, 1916, with a provision for renewals for like periods "until the beginning of the legitimate season," provided the average gross receipts for each period of four weeks should exceed $1,300.

The defendant abandoned the project of presenting plays at the theatre by a stock company, and used the theatre for vaudeville performances in which the plaintiff did not appear. According to the testimony presented in behalf of the plaintiff, the defendant in the month of March, 1916, without her consent and against her protest, repudiated and assumed to cancel the contract and unequivocally announced to her that he would not so engage her services and offered her another contract, which she definitely refused to accept; but according to the testimony presented by the defendant, the contract, at the suggestion of the plaintiff, was canceled by mutual consent in said month of March. That issue of fact the jury resolved in favor of plaintiff, and the evidence is sufficient to sustain the verdict thereon.

It remained, however, for the plaintiff to show her damages which, *prima facie*, would be measured by the amount she would have received had the contract been performed, subject to deductions for any amount which defendant might be able to show she could have received in like employment during the period covered by the contract, after she knew that the defendant had definitely repudiated and abandoned it. The plaintiff resided in the city of New York. She was to receive her transportation to Holyoke and "her legitimate expenses" there and, "as her legitimate salary," fifty per cent of the surplus gross receipts for each week after deducting therefrom one thousand two hundred dollars. She testified, and the defendant did not deny it, that it was subsequently agreed that she should receive as her "legitimate expenses" seventy-five dollars a week, which was to include her living expenses and her disbursements for a maid, whose services would be necessary, and for cleaning her costumes, the cost of which would average from three to thirty dollars a week. The contract having been terminated in advance, she did

not .go to Holyoke or employ a maid. There is no evidence with respect to the expenses to which she would have been subjected for a maid's services or as to whether her living expenses at New York would have been wholly or to any extent saved. The evidence, therefore, affords no definite or reasonably definite basis with respect to her damages for the loss of the seventy-five dollars per week for expenses; but it is evident that it was susceptible of more definite proof.

Whether she would have received anything for salary depended on the amount of the gross receipts per week, if the enterprise had been carried out. On that point the only evidence received and submitted to the consideration of the jury is with respect to the gross receipts per week received at the same theatre during three weeks in August, 1914 — nearly two years before — when plaintiff was similarly employed in a stock company under another management, but in which gross receipts the defendant was interested under a contract with the company which employed the plaintiff and presented the plays.

The evidence with respect to those gross receipts consists solely of the testimony of the defendant with respect to his recollection thereof from reports made to him. He says that the gross receipts for the first week were about $800, for the second week about $1,100, and for the third week $1,875. The defendant, in negotiating the contract with plaintiff, referred in a letter to said gross receipts of $1,875 for the one week of her former engagement at said theatre, and expressed the opinion that the gross receipts of the contemplated performances should be from $1,500 to $1,800 per week. The court did not leave that estimate to the jury as evidence; but as she only claimed damages for the first four weeks, and the verdict was $600, it is quite probable that the jury, disregarding the instructions, took the defendant's minimum estimate, which would leave a surplus of $300 each week, to one-half of which plaintiff would be entitled. But however that may be, the verdict cannot be supported by the evidence with respect to the gross receipts of the former performances under a different employment and management. The rule in *Wakeman* v. *Wheeler & Wilson Mfg. Co.* (101 N. Y. 205) would authorize proof of the gross receipts from

the plays presented by the stock company, if the defendant, after breaching his contract with plaintiff, had proceeded with the enterprise, but he did not. The court in that case adhered to the rule that recoverable damages "must be not merely speculative, possible and imaginary, but they must be reasonably certain, and such only as actually follow or may follow from the breach of the contract."

The principal difficulty with the evidence in this case is that it does not show or tend to show, with any degree of certainty, *that the enterprise would have been profitable* or that there would have been profits in which the plaintiff would have been entitled to share. (*Bernstein* v. *Meech*, 130 N. Y. 354; *Cutting* v. *Miner*, 30 App. Div. 457; *Moss* v. *Tompkins*, 69 Hun, 288; affd., 144 N. Y. 659; *Todd* v. *Keene*, 167 Mass. 157; *K. & R. Film Co., Inc.*, v. *Brady*, 104 Misc. Rep. 667.)

When it is certain that damages have been sustained, and the only uncertainty is with respect to the amount thereof, such amount may be determined "approximately upon reasonable conjectures and probable estimates," but if they are "so uncertain, contingent and imaginary as to be incapable of adequate proof, * * * then they cannot be recovered because they cannot be proved." (*Wakeman* v. *Wheeler & Wilson Mfg. Co., supra.* See, also, *Witherbee* v. *Meyer*, 155 N. Y. 446; *Stevens* v. *Amsinck*, 149 App. Div. 220, 230.)

It may be that the plaintiff, who made this contract, leaving her compensation wholly to be determined by the profits of the venture, cannot show substantial damages for loss of salary depending on profits; and if not she will only be entitled to nominal damages therefor; but as she may be entitled to recover part of the allowance of seventy-five dollars for her expenses she is entitled to a new trial.

These views render it unnecessary to consider the other questions with respect to whether the evidence adduced by defendant does not sufficiently bear his burden of showing that the plaintiff could have secured similar employment, as was her duty, by which her damages would have been minimized. (See *Howard* v. *Daly*, 61 N. Y. 362; *Johnson* v. *Meeker*, 96 id. 93; *Fuchs* v. *Koerner*, 107 id. 529; *Hamilton* v.

*McPherson*, 28 id. 76; *Griffin* v. *Brooklyn Ball Club*, 68 App. Div. 566; *Ruland* v. *Waukesha Water Co.*, 52 id. 280.)

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.