*Southern District*

No. 7731

## ARTHUR R. JOIA and SUSAN JOIA

v.

## ANNA OBER, ADMX.

*Nash, J.* Contract for recovery of monies received by the defendant's intestate to their use. The answer was a general denial and payment. The case was tried (*Callan, J.*) with the cases of Anna Ober, Admx. v. Arthur R. and Susan Joia and Oscar A. Mahon and Cressida V. Mahon v. Arthur R. Joia and Susan Joia.

Upon sufficient evidence the trial judge found that the plaintiffs owned real estate at Onset consisting of a two-family house and that on September 10, 1952 they entered into an agreement for the sale of this house for $8,500.00 through the defendant's

intestate, acting for them as broker, to one Mahon and his wife. Under this agreement certain "painting and carpentry work" was to be done by the plaintiffs, Joia, "as agreed by both parties". When this work had been done to the satisfaction of the defendant's intestate, Ober, papers were to pass. At the time the agreement was executed $500.00 dollars was paid as a down payment to Sam Ober, the defendant's intestate agent for the plaintiffs.

The work was substantially completed and to the satisfaction of Ober. The latter then notified the prospective purchaser, Mahon and his wife, who came to Onset on November 10, 1952. They had with them $1,000.00 in cash and a certified check for $3,000.00. The balance due was to be procured on a co-operative bank mortgage. The Mahons, being dissatisfied with the work performed by the plaintiffs, Joia, refused to complete the transaction. The Court further found that the defendant's intestate, acting as agent for the plaintiffs produced a customer satisfactory to the plaintiffs and on the plaintiffs' terms and though the transaction was never completed the defendant's intestate had earned his commission. The judge found for the plaintiffs in the sum of $75.00 "being the difference between what the defendant was entitled to as commission and the sum of $500.00 which he held as a down payment. . .".

Findings of fact cannot be set aside, revised or reviewed except when there is no foundation for them in the evidence. *Clarke v. Second Nat. Bank,* 177 Mass. 257, 262, 264; *Bangs v. Farr,* 209 Mass. 339, 341.

Upon the evidence the judge found that the defendant had performed his part of the contract and was entitled to his commission. The evidence supported this conclusion. He found that the plaintiff was entitled to a finding in the amount held by the defendant as a down payment in excess of the said commission earned by the defendant. There were no requests for rulings filed. Only a general statement

that the plaintiff was aggrieved at the finding of the Court as a matter of law. This cannot be sustained. Having found the plaintiff had performed his contract the judge could make no other finding. There is no error. The report is dismissed. *So ordered.*

Abram Bronspiegel, for the plaintiff.

James J. Bento, for the defendant.