DAVID ROBBINS, Respondent-Appellant, *v.* FRANK COOPER ASSOCIATES et al., Appellants-Respondents, et al., Defendants.

First Department, July 9, 1963.

*Carleton G. Eldridge, Jr.,* of counsel (*Gordon T. King* with him on the brief; *Coudert Brothers,* attorneys), for appellants-respondents.

*Joseph Calderon* of counsel (*William Baronoff* with him on the brief; *Bergerman & Hourwich,* attorneys), for respondent-appellant.

*Per Curiam.* Judgment for the plaintiff has been entered on a verdict by the jury based on plaintiff's contention that defendants-appellants have utilized in the production of the television program "Dotto" an original idea developed and expressed in a program format which plaintiff had delivered to defendants-appellants who are television producers and agents for writers and television producers. The jury's general verdict rested in part on plaintiff's testimony that the material and format were submitted on defendants-appellants' invitation.

The format was tangible enough physical property of value in such concrete form as to give rise to an action for its appropriation for profit upon the theory of an implied contract to pay for such a utilization. (*Cole* v. *Phillips H. Lord, Inc.,* 262 App. Div. 116; *Healy* v. *Macy & Co.,* 251 App. Div. 440, affd. 277 N. Y. 681; *American Mint Corp.* v. *Ex-Lax, Inc.,* 263 App. Div. 89.)

The pleadings set out three alternative theories of recovery — express contract, contract implied in law, and contract implied in fact. The court properly found that there was no evidence to support the first theory and did not submit it to the jury. The second and third theories were submitted but the court

did not differentiate properly between the two theories and the proof required in regard to each.

To establish a contract implied in fact plaintiff would have to show that the parties in their dealings with each other in regard to the subject matter understood that if the defendants used the plaintiff's idea and material it would pay what it was reasonably worth; that upon that understanding defendants did so use the material; and that this arrangement was arrived at not by express words but by such conduct, looked at in the context of the trade and their familiarity with it, that makes it clear that such was the understanding they reached.

A contract implied in law, or a quasi-contract, results in a situation where neither an express nor an implied contract is found. But there is such a situation between the parties that it would be inequitable (by virtue of breach of confidence or some similar ethical violation) for defendants to profit from the use of the idea and the material.

The record as developed on the trial would support either theory of implied contract, but the measure of damages is quite distinct. In the factually implied contract the measure would be what the defendants are presumed to have contracted to pay, namely, the reasonable value of the material. If recovery is based on quasi-contract, the damage is defendants' unjust enrichment — what they actually profited from the use of the material.

The proof of damage in this record, however, rests entirely on the speculative projections of a witness for plaintiff who had experience in the radio and television industry as an associate producer and as a producer. He expressed an opinion of the value of plaintiff's format at the time it was exhibited to defendants-appellants, but rested this opinion on his conception of how acceptable the plaintiff's format would be in the television industry, how it would attract sponsors and the public, how long it would continue to run in the future on television (three years), and the kind of " deal " that might be worked out with the originator of the format, including a theoretical projection of income and expenses.

Although at one point the witness stated his opinion of the fair and reasonable value of plaintiff's material in format on a lump-sum basis, it is clear from his own explanation that he was not stating the market value of this material independently of his theoretical projections. Ultimately he testified that such a project would be " subject to so much negotiation that it would be impossible to place even an estimated cost or estimated price on it." Thus, there is no substantial evidence of the

market value of the plaintiff's material and format distinguished from their theoretical utilization (*Wooldridge* v. *Shea*, 186 App. Div. 705).

Nor is there any proof in the record of the profit made by defendants-appellants from the "Dotto" program which ran about eight and a half months in 1958. So there was no acceptable proof of damage under either theory.

If in support of the theory of contract implied in fact no proof of market value can be made, recourse should be had to the method of proof competent on the quasi-contract theory, the actual profits made by defendants-appellants through the utilization of plaintiff's material (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205, 217).

This would constitute a practical and reasonable alternative in evaluating damage if, as the present record suggests, no independent market value may be established for the material and format. So that this method constitutes not only the basis for establishing damage in quasi-contract but it is also an alternative method in an action on implied contract under the indicated circumstance of the absence of an established market.

The judgment should be reversed on the facts and the law, and a new trial ordered, with costs to abide the event.

BREITEL, J. P., RABIN, STEVENS, STEUER and BERGAN, JJ., concur.

Judgment entered on June 21, 1962, unanimously reversed upon the law and upon the facts, and a new trial ordered, with costs to abide the event.