■ JACK R. FERBER, Respondent, v STERNDENT CORPORATION et al., Appellants, et al., Defendants.—In an action to recover damages for the alleged illegal use by defendants of "confidentially disclosed ideas and invention", defendants Sterndent Corporation and Milton Solomon appeal from an order of the Supreme Court, Westchester County, dated May 8, 1979, which denied their motion for summary judgment dismissing plaintiff's complaint in its entirety, or, in the alternative, for summary judgment

dismissing plaintiff's complaint to the extent that it seeks damages in excess of $5,000. Order reversed, on the law, with $50 costs and disbursements, the branch of appellants' motion which seeks summary judgment dismissing the complaint in its entirety is granted, and the action is severed and the complaint is dismissed as to them. Although there is an issue of fact as to whether plaintiff made the alleged January, 1968 disclosure, the evidence establishes as a matter of law: (1) that plaintiff's idea and device were not novel; (2) that in any case they became part of the public domain by virtue of the subsequent Gibson and Alessi patents and the Ishikawa article (see *Platzman v American Totalisator Co.,* 45 NY2d 910); (3) that Sterndent's device is demonstrably different from plaintiff's; and (4) that Sterndent (Weber) did not appropriate plaintiff's idea or device. We find that close examination of the Park French, Kenneth Roll and Warren A. Sklar affidavits—and the documentation annexed thereto—clearly demonstrates that plaintiff's contentions herein as to the novelty, public domain and appropriation issues have no evidentiary support and that summary judgment must be granted. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.