■ YOLANDA ACOSTA et al., Respondents-Appellants, v ROCCO ZITO, Defendant, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant-Respondent.—Judgment of the Supreme Court, New York County (D. Levy, J.), entered February 24, 1984, unanimously reversed, on the law and the facts, to the extent only of ordering a new trial on the cause of action only of plaintiff Yolanda Acosta, as amended, on the issues of damages and apportionment only, without costs or disbursements, unless said plaintiff Yolanda Acosta, twenty days after service upon her of a copy of the order herein, with notice of entry, serves and files, in the office of the Clerk of the Trial Court, a written stipulation consenting to reduce the verdict in favor of said plaintiff to $240,000 and to the entry of an amended judgment in accordance thereof. If the said plaintiff

so stipulates, the judgment, as so amended and reduced, is affirmed without costs or disbursements.

In this personal injury action, arising from burns received by the plaintiff Yolanda Acosta, when her gas stove blew up, the plaintiff and the coplaintiff, her husband, settled with their landlord before trial for $50,000. The trial proceeded against Con Edison, which supplied the gas to the stove.

The jury returned a verdict of $1,200,000 for Mrs. Acosta and $200,000 for Mr. Acosta, dividing liability 55% for Con Ed and 45% for the landlord. However, the ad damnum in the complaint was for $400,000. The trial court granted an increase in the ad damnum to $600,000, which, based on the 55%, meant that Con Ed's liability was $330,000. As to the husband, the motion as to an excessive verdict was granted, with the condition that the damages be reduced to $10,000 and was so stipulated.

We find that the apportionment of 55% for Con Ed and 45% for the landlord was incorrect. It was the landlord that installed the faulty stove and made no improvements or repairs despite many complaints. As to Con Ed, gas in the building had been turned off for street work, and despite receiving information that the stove was not working properly, turned the gas on again. We believe that the apportionment should be 60% for the landlord and 40% for Con Ed. At that rate, the damages, based on a claim for $600,000, which amendment of the complaint we do not disturb, should be reduced to $240,000.

In the event that there is a new trial, the plaintiff should be cautioned against bringing to the attention of the jury the settlement with the landlord. Although we do not find that here the prejudice is sufficient to warrant reversal, it is bad practice for the jury to be informed that negligence has been admitted by one party, because it might influence them in some way with respect to the remaining party. Here, the giving of such information was acquiesced in by the defendant in order to explain the absence of an attorney. However, it was unduly emphasized by counsel for the plaintiff during the further proceedings. Concur—Kupferman, J. P., Sullivan, Carro, Lynch and Milonas, JJ.