■ SURPLUS EQUIPMENT, INC., Appellant, v XEROX CORPORATION, Respondent.—In an action to recover damages, *inter alia,* for breach of contract and misappropriation of a unique sales idea, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Donovan, J.), dated December 6, 1984, which dismisses its complaint, and, upon a jury verdict, is in favor of the defendant and against it in the principal sum of $26,325 on the defendant's counterclaim.

Judgment affirmed, without costs or disbursements.

The trial court properly dismissed the plaintiff's second cause of action at the close of the plaintiff's case. As the basis for that cause of action, the plaintiff alleged that defendant had "pirated away and usurped" a supposedly novel idea formulated by the plaintiff's principal. This supposedly novel

idea was selling used copy machines at "Warehouse Sales" conducted at motels.

The plaintiff's second cause of action asserted two distinct legal theories. The first was that the defendant breached a promise, implied as a matter of fact, to reimburse the plaintiff for the use of its idea. The second is that, even in the absence of any such promise, equity requires that the plaintiff be reimbursed for the use of its idea. The latter theory of recovery forms the basis for a cause of action sounding in contract implied as a matter of law. These two separate theories—contract implied as a matter of fact, and contract implied as a matter of law (or quasi contract)—are conceptually different in fundamental ways *(see, Grombach Prods. v Waring,* 293 NY 609; *Miller v Schloss,* 218 NY 400, 406-407; *Robbins v Cooper Assoc.,* 19 AD2d 242, *revd on other grounds* 14 NY2d 913). However, with respect to either of these two theories, recovery may be had only if the allegedly misappropriated idea was, indeed, novel *(see, Ferber v Sterndent Corp.,* 51 NY2d 782, *affg* 73 AD2d 590; *Downey v General Foods Corp.,* 31 NY2d 56, *revg* 37 AD2d 250). We conclude, based on a review of the entire record, that, at most, the plaintiff's idea was a "useful adaptation of existing knowledge" *(see, Educational Sales Programs v Dreyfus Corp.,* 65 Misc 2d 412, 416) and not a truly novel idea. We find, moreover, that any claim by the plaintiff to originality was lost when it exploited the idea on a commercial basis before ever dealing with the defendant. The plaintiff "published" its idea by conducting numerous well-publicized warehouse sales before it ever disclosed this idea to the defendant *(see, Decorative Aides Corp. v Staple Sewing Aides Corp.,* 497 F Supp 154, 161). Accordingly, the second cause of action was properly dismissed.

We note, however, that the court erred in advising the jury at length as to its reasons for dismissing that cause of action. The court should have simply advised the jury that they should not consider the second cause of action, and to draw no inferences therefrom *(cf. Acosta v Zito,* 114 AD2d 757). Nevertheless, we conclude that the error does not warrant reversal.

Turning to the remainder of the plaintiff's contentions, we find that the court properly instructed the jury on the law applicable to the plaintiff's first cause of action. The court charged the jury that the defendant would be in breach of its written contract with the plaintiff only if it had intentionally and purposely done something to prevent the plaintiff from performing *(see, Grad v Roberts,* 14 NY2d 70, 75; *Patterson v Meyerhofer,* 204 NY 96, 100-101). We further find that the

jury's verdict that the defendant had not engaged in such conduct is supported by the weight of the evidence. The judgment on the counterclaim is also fully supported by the evidence in the record. The plaintiff's additional contentions on appeal have all been reviewed and are without merit. Niehoff, J. P., Rubin, Kooper and Spatt, JJ., concur.