Hurley, J.
This is an appeal by the plaintiffs, Stephen T. Clark and Michael Sullivan, Trustees of 50 Easton Avenue Trust (hereinafter “the trustees”), claiming to be aggrieved by the trial court’s finding and order in which the court found-liability in contract as to defendant North and South Electric, Inc., but did not find liability as to defendant Wheeler, either individually or as trustee. More specifically, plaintiffs claim to be aggrieved by the court’s ruling on the defendant’s Requests For Rulings numbers 2,3,4 and 6. Plaintiffs also claim to be aggrieved by the denial of the plaintiffs’ Motions for Amendment of Findings and Judgment and for a New Trial.
*192 It is well settled that the Requests of the prevailing party are generally treated as waived or withdrawn, and an opposing party is not deemed to be aggrieved thereby. Bangs v. Farr, 209 Mass. 339, 344 (1911); Kravetz v. Lipofsky, 294 Mass. 80, 85 (1936). If, however, the prevailing party’s requests are ruled upon, the opposing party may request a report on the correctness of the rulings, even though he filed no Requests of his own: Moto v. Deslauriers, 292 Mass. 406, 408 (1935). In the case at bar, Requests numbers 2,3, and 4 were deemed waived by the court, and plaintiffs are thus not entitled to a review by the Appellate Division. As to the court’s allowance of Request number 6, which provided that corporate officers are not individually responsible for the debts of a corporation, we hold that the court correctly ruled in allowing a statement of the general rule as set forth in G.L.c. 156B, §65.
The court’s denial of plaintiffs’ Motion for Amendment of Findings and Judgment and Motion for a New Trial was also proper. Plaintiffs cite no newly discovered evidence, mistake of law or other reason for which the court may have deemed a new trial necessary under Dist./Mun. Cts. R. Civ. P., Rule 59 (a). Likewise, plaintiffs have not shown, and we cannot say after a review of the report that the trial court abused its discretion under Dist./Mun. Cts. R Civ. P., Rule 52(b) in refusing to amend the Findings and/or Judgment. We find no error.
Report dismissed.