OPINION OF THE COURT
Per Curiam.
Judgment entered June 28, 1989 reversed, with $30 costs, and judgment awarded in favor of defendant dismissing the action.
Appeal and cross appeal from order entered March 17, 1989 dismissed, without costs, the order being subsumed in the aforesaid judgment of June 28,1989.
Plaintiff, a former managerial employee of the defendant New York Telephone Company, seeks recompense for the defendant’s use of an idea which plaintiff contends she furnished to defendant in confidence and with the expectation of payment. Plaintiff’s idea, conceived and developed during the summer of 1976 at a time when plaintiff was a supervisor of one of defendant’s business offices, related to the internal office procedure then used by defendant for terminating the telephone service of delinquent subscribers. Specifically, plaintiff recommended the adoption of a revamped termination procedure, differing from the method previously followed by defendant in one key respect; whereas defendant’s old procedure required completion of a certain form document (denominated a form C.P. 79) for each separate delinquent account, the procedure suggested by plaintiff (and ultimately put into *1001 use by defendant) dispensed with the C.P. 79 form and featured instead the use of a single photocopy of another telephone company document on which the names of all delinquent customers already appeared, thereby reducing “clerical work”. Concededly, plaintiff recommended no other changes to the (nine-step) termination procedure previously used by defendant.
Recovery was sought below on two distinct legal theories, breach of contract implied in fact and breach of contract implied in law (or quasi contract), with plaintiff prevailing before the jury upon the latter theory only. On appeal, defendant argues, among other points, that the case was improperly submitted to the jury since plaintiff failed to establish prima facie that her idea was novel, an essential element for recovery under either theory litigated below (see, Surplus Equip. v Xerox Corp., 120 AD2d 582, lv denied 68 NY2d 606). We agree and, accordingly, reverse and dismiss the action.
To be accorded protection as a property right, an idea "need not reflect the 'flash of genius’, but it must show genuine novelty and invention, and not a merely clever or useful adaptation of existing knowledge. * * * Improvement of standard technique or quality, the judicious use of existing means, or the mixture of known ingredients in somewhat different proportions — all the variations on a basic theme — partake more of the nature of elaboration and renovation than of innovation” (Educational Sales Programs v Dreyfus Corp., 65 Misc 2d 412, 416). The idea developed by plaintiff here, while no doubt useful to defendant, involved nothing more than the substitution of one extant telephone company document in place of another such document in order to streamline an existing telephone company office procedure. Plaintiff’s idea was, at most, a "judicious use of existing means” (Educational Sales Programs v Dreyfus Corp., supra, at 416) and was not truly novel (see, Ferber v Sterndent Corp., 51 NY2d 782; Downey v General Foods Corp., 31 NY2d 56; Surplus Equip, v Xerox Corp., 120 AD2d 582, lv denied 68 NY2d 606, supra; see also, Murray v National Broadcasting Co., 844 F2d 988 [2d Cir 1988]; Seymore v Reader’s Digest Assn., 493 F Supp 257 [US Dist Ct, SD NY 1980]).
Even putting aside plaintiff’s failure to establish the requisite element of novelty, a reversal and retrial would be warranted since the factual findings made by the jury with respect to defendant’s "shop right” defense are clearly against the weight of the evidence. An employer will gain a shop right *1002 or irrevocable license to use an employee’s invention or idea if the employee, in developing the idea, did so “on his employer’s time and with his machinery, material and money.” (Cahill v Regan, 5 NY2d 292, 298; see, United States v Dubilier Condenser Corp., 289 US 178, 188; Solomons v United States, 137 US 342, 346.) Here, the jury determined, in response to an interrogatory propounded by the court, the plaintiff’s idea was not “created on [defendant’s] time, using their [sic] materials, equipment, employees and data”. Based on our review of the record, we find that the jury could not have reached such a conclusion "upon any fair interpretation of the evidence” (Cornier v Spagna, 101 AD2d 141, 149). The proof adduced at trial persuasively established, and plaintiff herself repeatedly admitted during cross-examination by defense counsel, that she did a substantial portion of the work involved — including researching and drafting a report concerning the cost effectiveness of her idea — while at defendant’s premises during regular business hours, and that plaintiff relied heavily, if not exclusively, on data and source materials provided by defendant. Such evidence, if properly credited, would be sufficient to support a shop right defense (Cahill v Regan, 5 NY2d 292, supra).
In view of our determination to reverse and dismiss the action based upon the lack of novelty of plaintiff’s idea, we need not and do not consider the issues raised on plaintiff’s cross appeal.
Sandifer, J. P., Parness and Miller, JJ., concur.