Turcotte, J.
The plaintiff and defendants entered into an oral contract for the construction of a home. A dispute arose as to the construction and the plaintiff was prevented by the defendants from completing the construction. He then brought an action for the fair value of the labor and materials supplied defendants. He was awarded $14,837.69 representing the difference between his entitlement and the amount he had previously received. The defendants claimed a report and argue that they are aggrieved by the trial judge’s denial of their motion for a new trial or to alter or amend judgment.
The defendants claim an inconsistency between the general finding for the plaintiff and certain requests for rulings filed by the defendants and allowed by the judge. The motion for a new trial allows the trial judge to recognize the inconsistency by allowing themotion. Kelsey v. Hampton Court Hotel Co., 327 Mass. 150 at 153 (1951). However, there was no inconsistency with the allowance of requests for rulings rendered immaterial by his finding for the plaintiff. One of the requests allowed is actually a request for a finding of fact, and its allowance can be interpreted as giving rise to no *51 inconsistency. The report indicates the plaintiff testified the fair value of his labor and materials was $77,589.23 and that he had received only $62,751.54. The judge awarded the balance due to the plaintiff. The fact that the plaintiff also presented directly conflicting evidence does not require the judge to accept it. The fact finder has the right to accept all, part or none of the testimony or documents offered. We find no error in the denial of the motion.
The defendants also claimed to be aggrieved by the judge’s allowance of two rulings requested by the plaintiff. No argument, written or oral, was presented as to the allowance of these requests and that claim is treated as waived.
We also point out that the defendants cannot complain about the disposition of the opponents’ requests for rulings. “So long as the judge and the party presenting them were content... no one else can complain.” Bangs v. Farr, 209 Mass. 339, 344 (1911).
Report Dismissed.