■ FANNIE STEINMAN, Appellant, v. DONALD A. RUSSELL, an Infant, by His Guardian ad Litem, DONALD F. RUSSELL, et al., Respondents.— Judgment in favor of plaintiff unanimously affirmed, without costs. In view of the improper remarks made by counsel during summation, although not sufficient to warrant a reversal of the judgment, costs are not awarded to the prevailing party. Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ UNIVERSAL C. I. T. CREDIT CORPORATION, Respondent, v. GREYHOUND RENT-A-CAR, INC., Appellant.— Judgment in favor of plaintiff unanimously affirmed on the opinion of Mr. Justice SILVERMAN at Special and Trial Term (39 Misc 2d 163), without costs to any party. Costs are not awarded in view of the improper additions to the appendix by the prevailing party. Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ ALKO MANUFACTURING CORPORATION, Respondent, v. NEPTUNE METER COMPANY et al., Appellants.— Order, entered on August 23, 1963, denying defendants-appellants' motion to dismiss the amended complaint, unanimously reversed, on the law, with $20 costs and disbursements to appellants, and the motion to dismiss granted, with $10 costs. The first cause of action in our view fails to state a cause of action in fraud. In our opinion, if any cause of action is stated, it is one for injury to property which is barred by the three-year Statute of Limitations. (Civ. Prac. Act, § 49, subd. 7; CPLR 214, subd. 4.) The second cause of action is legally insufficient in that it fails to state a cause of action in unjust enrichment; it fails to allege defendants' receipt of profit or property rightfully the plaintiff's. Plaintiff therein, in conclusory fashion, equates the damages sought in the first cause of action with unjust enrichment of the defendants. The damages to the plaintiff do not necessarily constitute gain to the defendants. Concur — Breitel, J. P., Rabin, McNally, Stevens and Steuer, JJ.