Per Curiam.

Since we find that the Trial Judge submitted a single issue to the jury, viz.: whether there was a contract implied in fact, the proper measure of damages is reasonable value.
In this case the parties negotiated for the conveyance of the plaintiff’s property and failed to agree upon the terms. Since the property was thereafter taken and made valueless for its owner, the law imposes an obligation to pay its reasonable value where the parties dealt with each other in the context of an intention of payment for its use. (Healey v. Macy & Co. 251 App. Div. 440, affd. 277 N. Y. 681; La Varre v. Warner Bros. Pictures, 282 N. Y. 68; cf. Grombach Prods. v. Waring, 293 N. Y. 609; see Desny v. Wilder, 46 Cal. 2d 715.)
Opinion evidence of the value of the property was properly admitted. (Sheldon v. Metro-Goldwyn Pictures Corp., 106 F. 2d 45, affd. 309 U. S. 390; Duane Jones Co. v. Burke, 306 N. Y. 172, 192; Stanley v. Columbia Broadcasting System, 35 Cal. 2d 653; see, also, Grombach Prods. v. Waring, 267 App. Div. 986, revd. on other grounds 293 N. Y. 609, supra.)
Taken together with the evidence put in by the defendants, the opinion evidence which is consistent with the testimony adduced by the defendant is sufficient to support the verdict. We find no reversible error in the court’s charge.
The order of the Appellate Division should be reversed and the judgment of the Supreme Court, New York County, reinstated, with costs in this court and in the Appellate Division.
Chief Judge Desmond and Judges Dye, Feed, Van Voorhis, Burke and Soilep.pi concur; Judge Bergan taking no part.
Order reversed, etc.