■ CRAG ERECTORS, INC., Respondent, v P. P. G. INDUSTRIES, INC., et al., Appellants.—Order unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: On this motion for summary judgment by defendants P P G Industries, Inc. (PPG) and Wilmorite, Inc., we find that, at this early state of the litigation at least, a question of fact exists as to whether PPG has waived or should be estopped from raising its contract defenses against plaintiff Crag Industries, Inc. (see *Beatty v Guggenheim Exploration Co.,* 225 NY 380, 387; *La Rose v Backer,* 11 AD2d 314, 319–320, amd 11 AD2d 969, affd 11 NY2d 760). Likewise, as to plaintiff's claim against defendant Wilmorite, Inc., a question of fact exists with regard to the existence of a quasi contract (see *Bradkin v Leverton,* 26 NY2d 192, 196–197). Moreover, plaintiff argues that by its general contract with Crittenden Boulevard Housing Company, defendant Wilmorite assumed affirmative duties of supervision that all subcontracts necessary to the completion of the project would be properly performed; that as a subsubcontractor plaintiff was a reasonably foreseeable party who would act in reliance upon the proper exercise of this affirmative duty of supervision; and that plaintiff should have an opportunity to prove its action in tort against Wilmorite for damages resulting from the alleged violation of this

affirmative duty. We conclude that this is a valid extension of the principles enunciated in the breach of sales warranty cases (see, e.g., *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395, 402; *Velez v Crane & Clark LBR. Corp.,* 33 NY2d 117, 124–125; *Codling v Paglia,* 32 NY2d 330, 342; *Goldberg v Kollsman Instrument Corp.,* 12 NY2d 432, 436), and that plaintiff may proceed on this theory as well. We find no abuse of discretion in Special Term's grant of further disclosure to plaintiff. However, in the interests of justice and expedition of this lawsuit we find that Wilmorite, Inc., should be granted permission, if it wishes within 10 days of the entry of this order, to amend its answer to the cross claim of PPG to plead that by release made to Wilmorite, Inc., PPG is barred from asserting its cross claim (CPLR 3018, subd [b]; 3019, subd [d]; 3025, subd [b]), but PPG should also be granted 20 days thereafter in which to serve its reply thereto. (Appeals from order of Monroe Supreme Court in action for breach of contract.) Present—Marsh, P. J., Moule, Cardamone, Simons and Witmer, JJ.