■ SCHULER-HAAS ELECTRIC CORP., Appellant, v WAGER CONSTRUCTION CORP. et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: Plaintiff was the electrical subcontractor of defendant Wager Construction Corporation in the construction of the Wilson Commons Building, owned by defendant Dormitory Authority, at the University of Rochester. During the construction, Wager assigned its contract to defendant Rouse Construction Company. The remaining defendants are the bonding companies. Plaintiff brings this action to recover for damages for costs incurred as the result of change orders, delays in construction, and alleged interference with the performance of its contract. It alleges causes of action based upon: (1) negligence, (2) the failure of defendant Wager to process plaintiff's claim for extra work as required by the subcontract (par 14.5 of the subcontract provides that the subcontractor agreed to process any claims for "extra work, delay or changed conditions", including those occurring by reason of an "act or omission" by the owner, through the contractor), (3) recovery upon the bond and (4) breach of contract. The Dormitory Authority moved to dismiss the complaint as against it and Special Term granted the motion. On the appeal from that order we consider only the first and fourth causes of action. The first cause of action was properly dismissed because of plaintiff's failure to timely file a notice of claim (see Public Authorities Law, § 1691; General Municipal Law, § 50-e). The correspondence which plaintiff relies upon to support its negligence cause of action was not intended as notice to the Dormitory Authority and does not satisfy the statutory requirements for such notices. Plaintiff's fourth cause of action alleges that it attempted to perform its contract for electrical work but that the defendants "did breach, abandon and failed to carry out and perform" the terms and conditions of the contract, thereby "delaying and interfering with" plaintiff's performance. It seeks to recover damages from the defendants for the additional expenses resulting from the delay. The terms of the general contract, which were incorporated into the subcontract by reference, expressly negated any contractual liability between the owner and the subcontractor. In view of the contract's language, plaintiff may not claim to be a third-party beneficiary or to have any contractual rights against the Dormitory Authority based upon a presumed assent to be responsible for payment to plaintiff. Plaintiff alleges that it may recover from the Dormitory Authority, however, on the theory of a contract implied in law, or *quasi* contract. To recover in *quasi* contract, plaintiff must prove that it performed work or services for defendant which resulted in defendant's unjust enrichment (see *Alko Mfg. Corp. v Neptune Meter Co.,* 20 AD2d 635, affd 16 NY2d 777; *Robbins v Cooper Assoc.,* 19 AD2d 242, revd on other grounds 14 NY2d 913). A benefit must have passed from plaintiff to

defendant for which the plaintiff should be compensated in equity and good conscience. Generally, a landowner is not liable to a subcontractor for work performed on the owner's property in furtherance of the subcontract in the absence of an agreement to pay the general contractor's debt or circumstances giving rise to such an obligation *(Woodruff v Rochester & Pittsburgh R. R. Co.,* 108 NY 39; *Custer Bldrs. v Quaker Heritage,* 41 AD2d 448, 451; and see Subcontractor's Recovery Against Owner, Ann., 62 ALR3d 288). The theory is that the additional services performed by the subcontractor under change orders are for the benefit of the general contractor who is responsible for the completion of the improvement, not for the benefit of the owner. There is nothing pleaded or present in this record from which an assumption by the Dormitory Authority to pay the subcontractor may be found and Special Term properly dismissed the complaint. The fact that the owner and his architect participated in extensive revisions of the plans and specifications is not sufficient to impose responsibility on the Dormitory Authority for direct payment for plaintiff's services. Quite the contrary, the Dormitory Authority expressly limited its responsibility to the general contractor and plaintiff's claims against it must be pursued derivatively. Plaintiff has cited our decision in *Crag Erectors v PPG Ind.* (51 AD2d 667) to support its position. In *Crag,* plaintiff contracted with defendant PPG, a subcontractor of Wilmorite, to install windows. It sued PPG and Wilmorite, the general contractor, for extra charges allegedly due because the window openings varied from the plans and specifications. This court affirmed an order denying the general contractor's motion for summary judgment on plaintiff's causes of action in *quasi* contract and strict liability in tort. We found a question of fact was presented in the record as to whether Wilmorite accepted responsibility for the increased cost to plaintiff because the window openings as constructed varied from the plans and specifications. We find no similar issue of fact in the present action against the owner. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.