■ JOHN PRETINO, Appellant, v RICHARD B. WOLBERN, as Deputy Chief Property Clerk of Nassau County, Respondent. — In a replevin action, plaintiff appeals from an order of the Supreme Court, Nassau County (Young, J.), dated February 6, 1981, which, upon denying his motion for summary judgment, granted defendant summary judgment and dismissed the complaint. Order affirmed, with $50 costs and disbursements. The defendant, as Deputy Chief Property Clerk of Nassau County, is an officer, agent, servant or employee of the county. Since the complaint alleges an invasion of plaintiff's property rights by reason of defendant's wrongful acts, a notice of claim is required to have been "made and served" upon the county in compliance with section 50-e of the General Municipal Law (see County Law, § 52, subd 1). Furthermore,

since the service of a notice of claim within the statutory period is a condition precedent to commencement of this action (see General Municipal Law, § 50-e, subd 1, par [a]; § 50-i, subd 1), such service is required to be alleged in the complaint so that it may state a cause of action against the county (see CPLR 3211, subd [a], par 7; see, also, *Fullam v Westchester County Playland Comm.,* 276 App Div 925). In this case, the complaint fails to allege compliance with the General Municipal Law (§§ 50-e, 50-i), and plaintiff has not otherwise shown that a notice of claim was served upon the county. His reliance on a letter dated February 14, 1980, from his attorney to the District Attorney, demanding the return of the subject property, is misplaced. That letter, even if it could be considered a sufficient notice of claim, was not served upon the county in compliance with the General Municipal Law (§ 50-e, subd 3, par [a]) and the CPLR (311, subd 4). Moreover, it does not appear from the record that the correspondence which plaintiff relies upon was intended as a notice of claim and it does not satisfy the statutory requirements for such notices. (Cf. Schuler-Haas Elec. Corp. v Wager Constr. Corp., 57 AD2d 707.) Accordingly, the order of Special Term must be affirmed. (See *Boyle v Kelley,* 42 NY2d 88.) Titone, J. P., Mangano, Weinstein and Bracken, JJ., concur.