L. FATATO, INC., N.Y.S.–T.S. Beverage Corp., and Vasiliow Co., Inc., Plaintiffs,

v.

MILLER BREWING COMPANY, Defendant.

No. 82 CV 3999.

United States District Court, E.D. New York.

March 22, 1984.

Composto & Longo, Brooklyn, N.Y. (Mark A. Longo, Brooklyn, N.Y., of counsel), for plaintiffs.

Arnold & Porter, Washington, D.C., Conboy, Hewitt, O'Brien & Boardman, New York City (Bruce L. Montgomery, Thomas H. Milch, Douglas L. Wald, Washington, D.C., of counsel), for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Plaintiffs in this diversity-based action seek damages for breach of contract and unjust enrichment based on an alleged oral beer distribution agreement with defendant Miller Brewing Company ("Miller"). Miller

has moved for summary judgment pursuant to Fed.R.Civ.P. 56, arguing that the contract claims are barred by New York's statute of frauds and that the unjust enrichment claim fails to state a claim upon which relief can be granted. For the reasons stated below, defendant's motion is denied.

### Facts

Plaintiff corporations ("Fatato", "NYS–TS", and "Vasiliow") are wholesale beer distributors in New York State. Miller, a Wisconsin corporation doing business in New York State, is a brewer of beer. DeCrescente Distributing Co. ("DeCrescente") and the now-defunct Better Brands of New York, Inc. ("Better Brands") were New York distributors of Miller products. Plaintiffs allege that Better Brands, a wholly-owned subsidiary of Miller, was experiencing labor difficulties during the early part of 1979, causing an interruption in the flow of Miller beer into the New York City area.

Plaintiffs allege that Miller, acting through DeCrescente as its agent, offered plaintiff Fatato an exclusive distributorship of its products in Kings, New York, Bronx, and Westchester Counties if Fatato could, despite the "strike activities" of Local 812 of the Soft Drink Workers Union, "maintain an uninterrupted flow of beer to all the major supermarkets, local home distributors, taverns, restaurants and pubs previously serviced by" Better Brands. In exchange for such distribution during the strike, Miller allegedly offered to continue the exclusive distributorship with Fatato or its designees after the strike.

Plaintiffs apparently agreed and began to distribute Miller beer. They allegedly spent large sums to improve their equipment and warehousing capabilities and also sustained property damage as a result of the labor unrest. They attribute these damages to their compliance with defendant's demand that the flow of Miller products be uninterrupted during the strike, and allege that Miller was thereby unjustly enriched "in the maintenance of its reputation and public image regarding the quality and availability of its products and in its profits."

Plaintiffs next allege that in July 1980, after the strike had ended and Better Brands had ceased doing business, DeCrescente informed them that their orders for Miller products would no longer be honored. Defendant then granted distributorships in the counties in question to other concerns. As a result of defendant's alleged discharge of plaintiffs in breach of the agreement, plaintiffs claim to have suffered what they term "damage ... and unjust enrichment to defendant" in the amount of one million dollars each.

Defendants have moved for summary judgment dismissing the complaint, on the grounds that the claim for breach of contract is barred by New York's statute of frauds and the claim for unjust enrichment is insufficient as a matter of law.

### Discussion

### I. The Contract Claims

Defendant asserts that plaintiffs' contract claims are barred by New York's statute of frauds' which provides:

a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime.

New York General Obligations Law § 5–701.

Miller contends that the alleged distribution agreement runs afoul of this "one-year provision" because it is not evidenced by a writing.

Plaintiffs admit that no memorandum exists. They contend, however, that the agreement does not fall within the statute because it was performable within one year. Plaintiffs allege that the oral agreement called for them to distribute Miller

beer for the duration of the strike, whereupon Miller was to give plaintiffs a written distribution contract. The "agreement was to be performed while Miller negotiated a settlement with the striking employees of ... Better Brands, Inc. which in fact took place within one year." Plaintiffs Memorandum in Opposition to Motion of Defendant for Summary Judgment at 8.

■ Defendant correctly points out, however, that such an agreement may still be within the statute. "The law is well settled that an oral agreement to execute an agreement that is within the statute of frauds is itself within the statute, and unenforceable." *Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339, 343 (2d Cir.), *cert. denied*, 375 U.S. 879, 84 S.Ct. 146, 11 L.Ed.2d 110 (1963). On this motion for summary judgment, however, there is no need to decide whether the agreement falls within or without the statute of frauds because the plaintiffs have asserted that, even if the case is within the statute, equitable considerations protect them. They allege that they incurred expenses for improvements and repairs in reliance on Miller's alleged promise. Section 217A of The Restatement (Second) of Contracts states that a promise that has induced detrimental reliance may be enforceable notwithstanding the statute of frauds if injustice can be avoided only by enforcement, and the Restatement enumerates the factors to be taken into account in making that determination. *See* Calamari & Perillo *Law of Contracts* § 19–48 (1977). The existence of those factors in a particular case is a factual controversy that does not lend itself to resolution on a motion for summary judgment. Although the Restatement doctrine has not been given a warm reception in New York, *see Philo Smith & Co., Inc. v. USLIFE Corp.*, 554 F.2d 34, 36 (2d Cir.1977); *Marcraft Recreation Corp. v. Francis Devlin Co.*, 506 F.Supp. 1081, 1085 (S.D.N.Y.1981), plaintiffs should have the opportunity to establish the facts which might support an estoppel. I therefore deny defendant's motion for summary judgment dismissing the contract claims.

## II. The Unjust Enrichment Claims

■ Plaintiffs also assert claims for "unjust enrichment," a quasi-contractual claim for restitution. A contract that is unenforceable under the statute of frauds may give rise to such a recovery on the basis of an implied contract. *See* Calamari & Perillo *Law of Contracts* § 19–40 (1977). The existence of such an implied contract is a question of fact. 22 NY Jur 2d Contracts § 543 at 548.

■ Defendant points out that a claim for unjust enrichment requires proof (1) that "defendant was enriched; (2) that such enrichment was at the expense of the plaintiff; [and] (3) that the circumstances were such that in equity and good conscience the defendant should make restitution." *In re D.H. Overmyer Co.*, 19 B.R. 750, 755 (Bkrtcy.S.D.N.Y.1982); *accord, Schuler-Haas Electric Corp. v. Wager Construction Corp.*, 57 A.D.2d 707, 395 N.Y.S.2d 272, 274 (1977); *Lengel v. Lengel*, 86 Misc.2d 460, 382 N.Y.S.2d 678, 681 (Sup. Ct.1976). The expenses of or damages to the plaintiffs do not necessarily constitute gain to the defendant. *Alko Manufacturing Co. v. Neptune Meter Co.*, 20 A.D.2d 635, 635, 246 N.Y.S.2d 265 (1964), *aff'd* 16 N.Y.2d 777, 209 N.E.2d 819, 262 N.Y.S.2d 500 (1965).

■ Here, however, plaintiffs have also alleged that their performance of distribution services enabled Miller to keep its products available during the strike, with consequent maintenance of Miller's public reputation. Whether defendants were so "enriched", and whether this enrichment, if proved, would "in equity and good conscience" require defendant to make restitution are genuine issues for trial. Fed.R. Civ.P. 56(e). Accordingly, defendant's motion for summary judgment dismissing plaintiffs' unjust enrichment claim is also denied.

SO ORDERED.