Curtis WRENN, Plaintiff,

v.

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Stanley Brezenoff, Individually and as President, New York City Health and Hospitals Corporation, Defendants.

No. 82 Civ. 6363 (PKL).

United States District Court, S.D. New York.

Feb. 12, 1985.

tional distress, interference with economic relations and negligence. Defendants have opposed the motion on several grounds. First, plaintiff's counsel initially had failed to sign the proposed pleading and therefore under Rule 11 of the Federal Rules of Civil Procedure, the pleading should be deemed a nullity. Second, plaintiff has failed to file a notice of claim as required by N.Y. Gen.Mun.Law §§ 50–e and 50–i and therefore is barred from asserting such claims. Third, the proposed amended complaint advances claims that are legally insufficient or clearly without merit. Fourth, plaintiff has set forth no excuse for the delay in making this motion. Finally, defendants will be prejudiced if leave to amend is granted. Defendants have cross-moved for sanctions under Rule 11 on the basis that plaintiff's counsel has not made reasonable inquiry into the facts and the law upon which the proposed pleading is grounded.

## THE FACTS

This action was begun by plaintiff *pro se* on October 22, 1982, pursuant to 42 U.S.C. §§ 1981, 1983, 2000e–3(a) and 2000d *et seq.* Plaintiff claims that he was wrongfully denied employment on the basis of race because he failed to receive a job offer in response to applications for at least fourteen different executive level appointments with defendant New York City Health and Hospitals Corporation ("HHC") during the period 1981–82. He also alleges that he was wrongfully denied employment in retaliation for having filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 21, 1981. Defendants' answer was served by mail on December 17, 1982, and filed in Court on December 20, 1982. Thereafter, an amended complaint was mailed to defendants on or about January 27, 1983 signed by plaintiff's counsel. The Court never granted leave to amend and the pleading was never filed.* Since then, the parties have en-

Paulette Owens, New York City, for plaintiff.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City (Antonia Levine, Caryn M. Hirshleifer, Elizabeth Dale Kendrick, New York City, of counsel), for defendants.

## MEMORANDUM and ORDER

LEISURE, District Judge:

Plaintiff Curtis Wrenn has requested leave pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to amend his complaint, which alleges job discrimination and civil rights violations, to add pendent state tort claims of intentional infliction of emo-

---

* Fed.R.Civ.P. 15(a) provides, in relevant part, that a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party.

gaged in discovery, including the service of interrogatories, which have been answered; however, certain of plaintiff's responses to defendants' interrogatories were served only after a motion to compel was granted. In addition, defendants have taken plaintiff's deposition which occurred over three days.

Plaintiff's counsel first requested permission to make a motion to amend the complaint at a status conference before Hon. Whitman Knapp, a United States District Judge of this Court, on June 20, 1984, which request Judge Knapp granted. However, rather than serving a motion to amend the complaint, plaintiff served a set of interrogatories which Judge Knapp, at a conference on July 30, 1984, struck as harassing. At this conference, Judge Knapp cautioned plaintiff's counsel that, if any additional interrogatories were stricken, the Court would impose sanctions on plaintiff's counsel personally. Following this admonition, Judge Knapp gave plaintiff one week to serve defendants with a copy of the proposed amended complaint and fixed a briefing schedule which provided defendants with three weeks to serve papers opposing the proposed amendment and plaintiff with three weeks to serve his responsive papers. A copy of the proposed complaint was received by defendants, unsigned, in an envelope postmarked August 7, 1984.

Defendants filed their papers in opposition to plaintiff's request to amend the complaint on September 5, 1984. Thereafter, on October 3, 1984, this case was reassigned to me for all purposes. A signed copy of the proposed complaint was first received by the Court in an envelope postmarked October 10, 1984, accompanied by a cover letter dated October 8, 1984. Defendants had previously raised the issue of the unsigned pleading in their aforesaid opposition papers, dated September 4, 1984. At a status conference held on October 15, 1984 before me plaintiff's counsel was directed to serve any responsive papers in support of the proposed pleading by October 18, 1984. Despite this admonition, plaintiff's memorandum was not delivered

to the courthouse lobby until 7:34 p.m. on Friday, October 19, 1984, and therefore not docketed with the Court until Monday, October 22, 1984. Because they never received a service copy, defendants were constrained to make a photocopy from the original in the Court file.

## DISCUSSION OF LAW

### I. *The Motion For Leave To Amend*

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The Supreme Court, in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), suggested that leave to amend could be denied on the basis of, among other things, undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party and futility of the amendment. *Id.* at 182, 83 S.Ct. at 230. For the reasons presented below, leave to amend the complaint is denied.

### A. *Denial Of Leave Based On Rule 11*

▉ Rule 11 of the Federal Rules of Civil Procedure states that "[i]f a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." Although the failure to sign is considered, generally, a mere technical defect, 5 Wright & Miller, Federal Practice and Procedure: Civil § 1334 (1969), under appropriate circumstances it may constitute grounds for striking the pleading. *United States v. Philadelphia Health Management Corp.*, 519 F.Supp. 818, 826 n. 9 (E.D.Pa.1981); *cf. Hernandez-Avila v. Averill*, 725 F.2d 25, 28 (2d Cir.1984). The attorney for plaintiff took over five weeks to provide the Court with a signed pleading after defendants served their moving papers which discussed the fact of the omitted signature. Under the circumstances recited above this can hardly be attributed to inadvertence or excusable neglect. Instead, it is one of numerous instances whereby plaintiff's

counsel has exhibited a cavalier, bordering on the contemptuous, disregard for the Federal Rules of Civil Procedure and the Rules of this Court. Because plaintiff's counsel failed to sign the proposed pleading "promptly" after the omission was called to her attention, as required by Rule 11, leave to amend is hereby denied.

Due to the fact that defendants have cross-moved for sanctions in connection with the proposed amendment, discussion of defendants' other objections follows.

B. *The Claims Sought To Be Added Are Dismissible As A Matter of Law*

■ Plaintiff's amended complaint seeks to add state tort claims based upon New York common law. If, as defendants argue, a proposed amendment fails to properly state a claim for relief, then it is futile for the court to permit the amendment. *Marcraft Recreation Corp. v. Francis Devlin Co.*, 506 F.Supp. 1081, 1087 (S.D.N.Y.1981).

■ Pendent state claims can be dismissed if they are barred by relevant state statutes of limitation or conditions precedent. *Cf. Thorn v. New York City Dep't of Social Services*, 523 F.Supp. 1193, 1199 (S.D.N.Y.1981). Under New York law, a mandatory condition precedent to the filing of a tort action against HHC is service of a notice of claim in conformity with the requirements of N.Y.Gen.Mun.Law § 50–e. N.Y.Unconsol.Laws § 7401. A complaint asserting tort claims against a municipality or other state agency must allege compliance with N.Y.Gen.Mun.Law §§ 50–e and 50–i or it will be dismissed for failure to state a cause of action. *Pretino v. Wolbern*, 84 A.D.2d 830, 831, 444 N.Y.S.2d 190, 191–92 (2d Dep't 1981); *cf. Schuler-Haas Electric Corp. v. Wager Construction Corp.*, 57 A.D.2d 707, 707, 395 N.Y.S.2d 272, 273 (4th Dep't 1977).

■ Plaintiff asserts that he served notice of claim upon HHC by virtue of filing his "charge" with the EEOC on March 21, 1981 within 90 days of receiving notice that he was not selected for employment. Section 50–e contains specific provisions as to the form of the notice and manner of service. It does not appear from the record that the EEOC "charge" was intended as a notice of claim and does not satisfy the statutory requirements for such notice. *See O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 358, 445 N.Y.S.2d 687, 689, 429 N.E.2d 1158, 1160 (1981); *Pretino*, 84 A.D.2d at 831, 444 N.Y.S.2d at 191–92; *Schuler-Haas Electric Corp.*, 57 A.D.2d at 707, 395 N.Y.S.2d at 273; *Phelps Steel, Inc. v. City of Glens Falls*, 89 A.D.2d 652, 653, 453 N.Y.S.2d 118, 120 (3d Dep't 1982). Plaintiff's failure to allege compliance with the General Municipal Law or otherwise demonstrate that a notice of claim was served is fatal to his attempt to amend the complaint to plead state tort claims.

Notwithstanding that the state tort claims are barred, the proposed amendment fails to state properly any of the claims for relief alleged therein. First, the proposed intentional infliction of mental distress cause of action alleges that defendants engaged in extreme and outrageous conduct by failing to consider plaintiff's application for various administrative, executive and management positions. In addition, it alleges that defendants engaged in retaliatory conduct following his filing of a charge with the EEOC, and as a result, plaintiff has suffered extreme emotional distress.

■ An action for intentional infliction of mental distress may be proper "for conduct exceeding all bounds usually tolerated by decent society." *Fischer v. Maloney*, 43 N.Y.2d 553, 557, 402 N.Y.S.2d 991, 992–93, 373 N.E.2d 1215, 1217 (1978). Liability will be found only when the conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.; Brink's Inc. v. City of New York*, 533 F.Supp. 1123, 1125 (S.D.N.Y.1982). The conduct charged to defendants in the present case falls far short of this strict standard. *Murphy v. American Home Products Corp.*, 58

N.Y.2d 293, 303, 461 N.Y.S.2d 232, 236, 448 N.E.2d 86, 90 (1983). Leave to amend the complaint to add a claim for intentional infliction of mental distress is denied. *See Church of Scientology of California v. Siegelman,* 94 F.R.D. 735, 740–41 (S.D.N. Y.1982).

■ Plaintiff's proposed negligence claim alleges that defendants owed a duty to plaintiff "as an applicant for employment to equitably administer the personnel policies, procedures and guidelines and to monitor the administration of said policies." In addition, it is alleged that defendants owed a duty to plaintiff to refrain from harassment and retaliatory conduct. The proposed pleading then lists nine acts of alleged negligence, all related to the administration of defendant HHC's personnel policies, procedures, guidelines, complaint resolution mechanisms, and the monitoring of such policies. Defendants have argued, and the Court agrees, that no precedent for such a negligence claim exists. Plaintiff has referred the Court to no authority in support of this theory, and instead has requested further leave to amend the complaint "to include additional facts to support a cause of action for negligence against all defendants." Plaintiff's Memorandum of Law, at 28. Leave to amend the complaint to add a claim for negligence is denied.

■ Likewise, plaintiff has failed to state a cause of action for intentional interference with economic relations. A complaint alleging this tort must allege a valid contract or a prospective contractual relationship, defendant's knowledge of such relationship, intent to interfere and damages. *Burns Jackson Summit & Spitzer v. Lindner,* 88 A.D.2d 50, 72, 452 N.Y.S.2d 80, 93 (2d Dep't 1982), *aff'd,* 59 N.Y.2d 314, 464 N.Y.S.2d 712, 451 N.E.2d 459 (1983). *See also Hammerhead Enterprises, Inc. v. Brezenoff,* 551 F.Supp. 1360, 1369 (S.D.N. Y.1982), *aff'd,* 707 F.2d 33 (2d Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 237, 78 L.Ed.2d 228 (1983); *A.S. Rampell, Inc. v. Hyster Co.,* 3 N.Y.2d 369, 376–77, 165 N.Y.S.2d 475, 481, 144 N.E.2d 371, 375–76

(1957). *Ryan v. Brooklyn Eye and Ear Hospital,* 46 A.D.2d 87, 360 N.Y.S.2d 912 (2d Dep't 1974), cited by plaintiff, is not to the contrary. The proposed amended complaint fails to allege the existence of a contract with a third party, defendants' knowledge of such relationship, or an intent to interfere. "Where allegations are totally conclusory and lacking any specifics, the claim must be dismissed." *Burns Jackson Summit & Spitzer,* 88 A.D.2d at 72, 452 N.Y.S.2d at 93. Leave to amend the complaint is denied.

### C. *Undue Delay and Prejudice To Defendants*

■ Defendants have argued that plaintiff has offered no acceptable reasons to justify a delay of over one year and five months between the time plaintiff first had counsel and the time leave to amend the complaint was requested. In determining whether to allow leave to amend, the court should weigh the extent of the delay against the reasons offered as justification. *Evans v. Syracuse City School District,* 704 F.2d 44, 47 (2d Cir.1983). Plaintiff in this case was clearly dilatory and delayed unduly in requesting leave to amend. The complaint was filed on October 22, 1983. Ms. Owens first indicated she represented plaintiff on January 27, 1983, and initially requested leave to amend on June 20, 1984. Ms. Owens' only proffered explanation for the delay is the following.

> [P]laintiff seeks to amend his complaint because of facts and issues which were not previously raised by plaintiff but which became clear during a period of extensive and exhaustive discovery conducted [sic] defendants in *their* deposition of plaintiff over a three day period. In addition, plaintiff's delay was due to th [sic] geopraphic [sic] separation between he [sic] and his counsel as all communication had been by telephone and written correspondence until plaintiffs [sic] deposition.

Plaintiff's Memorandum of Law, at 5 (emphasis added). The insufficiency of this excuse is compounded by counsel's admis-

sion that, based upon alleged previous employment as an assistant to two New York City mayors, discovery on her part was unnecessary because she "possesses knowledge of the defendant corporation, its policies and procedures beyond which superficial discovery might provide.". *Id.* at 11.

Plaintiff's explanation for the delay is totally inadequate. The amended complaint asserts new theories only and was not offered because any new facts came to plaintiff's attention. By counsel's own admission, the information which formed the basis for the amendment derived from defendants' deposition of plaintiff and counsel's personal knowledge of HHC operations and procedures.

Additionally, granting leave to amend would prejudice defendants, who have deposed plaintiff and served interrogatories. If leave were granted, defendants would be put to the expense and burden of conducting further discovery regarding the new claims. *Mende v. Dun & Bradstreet,* 670 F.2d 129, 131 (9th Cir.1982); *Robinson v. Cuyler,* 511 F.Supp. 161, 165 (E.D.Pa.1981). Based upon the foregoing, leave to amend is denied.

II. *The Cross-Motion for Rule 11 Sanctions*

Rule 11 of the Federal Rules of Civil Procedure authorizes the imposition of sanctions upon the person who signed a pleading which violates the rule. In this regard Rule 11 provides:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

As was discussed previously, plaintiff has been denied leave to amend on several grounds. It is obvious from the inadequacies of the proposed pleading that plaintiff's counsel engaged in little or no preliminary factual and legal investigation. By virtue of the foregoing, plaintiff's counsel is assessed costs and reasonable attorneys' fees incurred by defendants. *See Wells v. Oppenheimer & Co., Inc.,* 101 F.R.D. 358, 359 (S.D.N.Y.1984); *Van Berkel v. Fox Farm and Road Machinery,* 581 F.Supp. 1248, 1251 (D.Minn.1984); *North American Foreign Trading Corp. v. Zale Corp.,* 83 F.R.D. 293, 298 (S.D.N.Y.1979). Defendants shall submit the appropriate documents in support of their claim for costs and reasonable attorneys' fees.

SO ORDERED.